[Civ. No. 5908. First Appellate District, Division One.—December 31, 1927.]

SPRING VALLEY WATER COMPANY (a Corporation), Respondent, v. EDWARD T. PLANER, as Tax Collector, etc., Appellant.

Earl Warren, District Attorney, and R. H. Chamberlain, Jr., and Frank M. Ogden, Deputies District Attorney, for Appellant.

McCutchen, Olney, Mannon & Greene for Respondent.

PARKER, J., *pro tem.*—Appeal by defendant from judgment in favor of plaintiff.

This is a proceeding in *mandamus.* The case involves the validity of certain taxes assessed and also presents the question of the propriety of the remedy sought. The purpose of the action was to compel the tax collector to issue to plaintiff his receipt showing payment in full of current taxes upon the tender of all taxes save and except the district taxes discussed in *Spring Valley Water Co.* v. *County of Alameda, ante,* p. 157 [263 Pac. 318]. The contention of appellant is that this is not a proper exercise of the writ of mandate, and his ground of contention is that to employ the writ in similar cases would tend to endless confusion in the system of tax collections, and that plaintiff has a plain, speedy, and adequate remedy under the general law. ■ However, it is the law that the writ of mandate will issue to compel the performance of a plain duty, and it is obvious that when a legal tender within the time specified by statute, of an amount sufficient to discharge the tax claim is made to the tax collector it is his duty to issue the usual receipt, and mandate lies to compel the performance of this duty (*Perry* v. *Washburn,* 20 Cal. 318).

■ The plaintiff here in its complaint alleged such a tender on the stated allegations that the taxes which had been omitted from the tender were illegal and void; in other words, that he had tendered and did tender and offer to pay all amounts legally due and collectible. Upon proof of these allegations he would be entitled to the writ of mandate.

In the case at bar it appears that the district taxes were separately collected, and the amounts thereof were not embraced in the general tax rate of the county. It appears

from the tax rolls in evidence that the general rate was the basis of a separate computation throughout, and in cases where property was sought to be subjected to a district tax the rate and amount of such tax were interlined or stamped on the assessment. We can see no occasion for the confusion feared. The judgment of the court declaring of no effect the attempted imposition of district taxes upon the prop-·erty of plaintiff operated as a cancellation of the tax erroneously imposed, and this judgment will easily satisfy the demands of the system. If plaintiff chose, it could have paid the tax under protest, or it could have paid and made demand on the supervisors to refund on the theory of an unlawful or erroneous assessment; or it could have permitted the entire taxes to become delinquent and the property eventually go to sale, and then test out the validity of the tax in question. In either of these cases the local government would have the funds of plaintiff, and handle them in the regular business of government, and, if the tax were declared invalid a restitution would follow. It seems, as far as the anticipated confusion is concerned, it would be far more chaotic to be carrying along uncertain and questionable funds than it would be to have the matter determined at once. The court below found sufficient facts upon which to base its conclusion that the obligation of the entire first installment of all of said taxes had been paid in full. ■■ That equity takes cognizance of tax affairs and gives relief where necessary and prudent is amply sustained by authority. (See High on Injunctions, chap. 8, sec. 484 et seq.) And particularly will the courts by extraordinary process intervene when the tax sought to be enforced is void. ■■ Meeting the question as presented, we would hold that where property of a taxpayer is sought to be burdened with a tax, and the property is without the territorial jurisdiction of the taxing body, the remedies of the equity practice will not be withheld. As hereinbefore noted, the tax was void and of no effect as to this property. It was not a case of a mere error in the manner of collection, or of the time of levy or assessment. At no time could the tax become a lien upon the property in question. The tax was easily segregable from the general levy; and if it were

not, then the question of segregation would be as difficult in any future stage of the tax proceedings.

In addition to what has been said, it appears that it would be an idle act, tending to unnecessarily prolong the instant litigation, if we were to hold the tax invalid and yet reverse the judgment. If we were now to hold the plaintiff to its remedies at law the result would be to require further statutory proceedings, all based upon a concededly invalid and void tax. The tax in as far as it affects the property of plaintiff has been adjudged void, and the issuance of the receipt for taxes now admittedly in full payment is a proper subject of mandate.

Appellant urges that to allow the tax collector in each instance to determine what portion of a tax is valid and what portion invalid must be to place in that officer a discretion not contemplated or authorized in the general scheme of taxation, and will tend to wreck and disorganize the system outlined. The obvious answer is that the issuance of the writ of mandate concludes the question of discretion and is negative of any idea that such a discretion is vested in the tax collector.

In *Perry* v. *Washburn, supra,* it is said: "The taxpayer upon the payment of his tax is entitled to a receipt from the collector, and it is the duty of that officer to execute and deliver the same. It is a duty which the law specially enjoins on him, and its performance may in consequence be enforced by *mandamus*. The taxpayer is not obliged to trust to parol evidence of his payment, which is liable to loss; he is entitled to a record of the fact on the books of the collector and to written evidence of the fact in his own possession."

The evident purpose of the present action was to have determined the validity of the tax involved. When the tax was determined and adjudged to be void the conclusion followed that plaintiff had made a lawful tender of all taxes due, and it is not disputed here that such tender was lawful and continuing. It seems clear, then, that under the decision quoted plaintiff would be entitled to his receipt, as the only claim of the tax collector upon which a denial of the receipt rested was that plaintiff had not tendered the full amount due. To determine the tax invalid and

void as against the property assessed, and then remit plaintiff to a pursuit of statutory remedies would seem useless and unreasonable, particularly when all subsequent proceedings would have as a support the foundation which had already been decreed as void and of no effect. Whatever other remedies might be allowed by statute it would all come back to the proposition that plaintiff should be relieved from the payment of an illegal and void tax.

Judgment affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 27, 1928.

All the Justices present concurred.