[Civ. No. 7507.   Second Appellate District, Division One.—January 13, 1933.]

CITY OF PASADENA (a Municipal Corporation), Appellant, v. W. O. WELCH, as County Tax Collector, etc., et al., Respondents.

Harold P. Huls, City Attorney, and Leonard A. Diether and W. B. Etheridge, Deputies City Attorney, for Appellant.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondents.

YORK, J.—This is an appeal from a judgment dismissing an application for a writ of *mandamus* rendered· after an order had been made sustaining respondent tax collector's general demurrer without leave to amend.

The petition for the writ was directed against the tax collector and various improvement districts to compel respondent tax collector to accept payment by petitioner of the sum of $3,638.62, as taxes legally due upon certain real property owned by the said petitioner and devoted to and actually in use for public purposes. The sum mentioned was tendered to respondent tax collector as payment in full of the entire second installment of all taxes legally due for the year 1929–1930 upon its said property, except,

however, the separate and special assessment shown on and included within the said tax bills for special assessments levied by reason of the inclusion of the property within the various improvement districts above referred to, the appellant claiming that the assessments shown on the tax bills for the said improvement districts were wholly erroneous, illegal and void, for the reason that the assessments for said districts are special assessments, and that special assessments have been held by the Supreme Court of this state to be invalid when assessed upon property owned and held and actually devoted and applied to and in public use by a municipal corporation.

The respondent tax collector refused said tender and declined to receive said sum of $3,638.62, or any part thereof in payment of said second installment of taxes, or to furnish appellant with the tax receipts requested, for the sole reason that appellant failed and refused to tender the amount or pay the special assessments shown and included in the tax bills for said special districts.

The petition prayed for an alternative writ of mandate to compel the respondent tax collector to accept payment of said sum and to furnish petitioner with written receipts showing payment in full of the entire second installment of all taxes on said property, and to mark each of the items representing the said second installment of taxes "paid" in the assessment-book of said county, or to show cause why respondent should not accept payment and furnish written receipts and mark said items "paid" in said books, and that the court order, adjudge and decree that the special assessments set forth in the petition were each erroneous, illegal, unconstitutional and void, and that the writ be made peremptory.

The sum of $3,638.62 was deposited in court, an alternative writ of mandate was issued, and upon the return day fixed by said alternative writ, the respondent tax collector appeared and filed a general demurrer to the petition. Said demurrer was sustained without leave to amend, and judgment was entered dissolving and discharging the alternative writ and dismissing the action.

The demurrer raised the question as to whether or not *mandamus* is a proper remedy by which to compel a tax collector to receive and receipt for a part only of the taxes indicated upon the assessment-roll as being due and

a lien upon certain property. The respondent maintains that the tax collector is a ministerial officer and without the judicial function to determine the validity of the taxes upon the roll.

The facts stated in the petition for the writ are sufficient to raise the question of the legality of the special assessments itemized upon the tax bills of the appellant.

The case of *Whitmore* v. *Brown,* 207 Cal. 473, 477 [279 Pac. 447], holds that if parties contesting the legality of an item in a tax levy tender a sufficient amount to pay the tax *legally* due, an original proceeding in *mandamus* is a proper one to compel the issuance of an official receipt in full; citing *Spring Valley Water Co.* v. *Planer,* 88 Cal. App. 170 [263 Pac. 323]. The latter case was a proceeding in *mandamus* involving the validity of certain taxes assessed and presenting the question of the propriety of the remedy sought. The taxes involved in the Planer case were adjudged by the court in the companion case of *Spring Valley Water Co.* v. *County of Alameda,* 88 Cal. App. 157 [263 Pac. 318], to be null and void. In the Planer case it was held (p. 173): ''The evident purpose of the present action was to have determined the validity of the tax involved. When the tax was determined and adjudged to be void the conclusion followed that plaintiff had made a lawful tender of all taxes due, and it is not disputed here that such tender was lawful and continuing. It seems clear, then, that under the decision quoted (*Perry* v. *Washburn,* 20 Cal. 318) plaintiff would be entitled to his receipt, as the only claim of the tax collector upon which a denial of the receipt rested was that plaintiff had not tendered the full amount due. To determine the tax invalid and void against the property assessed, and then remit plaintiff to a pursuit of statutory remedies would seem useless and unreasonable, particularly when all subsequent proceedings would have as a support the foundation which had already been decreed as void and of no effect. Whatever other remedies might be allowed by statute it would all come back to the proposition that plaintiff should be relieved from the payment of an illegal and void tax.''

The judgment of dismissal is reversed.

Conrey, P. J., and Houser, J., concurred.